IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS PENSION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS EDUCATION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS RETIREMENT FUND,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>CAPITOL PLUMBING, INC., an Illinois corporation and CAPITOL PLUMBING SYSTEMS, INC., an Illinois corporation,<br><br>　　　　　　　Defendants. | No.<br>Judge<br>Magistrate<br><br>FILED: SEPTEMBER 3, 2008<br>08CV4998<br>JUDGE MAROVICH<br>MAGISTRATE JUDGE NOLAN<br>PH |

COMPLAINT

Plaintiffs, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS PENSION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS EDUCATION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS RETIREMENT FUND, by their attorneys, DONALD D. SCHWARTZ, PHILIP BRZOZOWSKI and ARNOLD AND KADJAN, complain against Defendants **CAPITOL PLUMBING, INC.**, and **CAPITOL PLUMBING SYSTEM, INC.**, as follows:

COUNT I

1.　(a)　Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S. C. Section 185(a) as amended.

(b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, et al. ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Plumbers and Pipefitters Local 501 ("Local 501") and certain employer associations whose members' employees are covered by the collective bargaining agreement with the Local 501. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws. The funds are administered pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4. Defendant, **CAPITOL PLUMBING SYSTEMS, INC.** ("**SYSTEMS**") is an employer engaged in an industry affecting commerce with its principal place of business within this Court's jurisdiction.

5. On July 28, 2003, **CAPITOL PLUMBING, INC.** ("**CAPITOL**") entered into a memorandum of agreement which binds it to a collective bargaining agreement with Local 501

pursuant to which it is required to make periodic contributions to the Funds on behalf of certain of its employees. (See copy of memorandum of agreement attached hereto as Exhibit "1")

6.  By virtue of certain provisions contained in the collective bargaining agreements, **CAPITOL** was bound by the Trust Agreement establishing the Funds.

7.  Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **CAPITOL** is required to make contributions to the Funds on behalf of its employees for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the collective bargaining agreements and the Trust Agreement and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8.  Plaintiffs are advised and believe that for the period October 1, 2006 through present **CAPITOL** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreements and Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

9.  **SYSTEMS** is liable for unpaid benefits for bargaining unit employees on the payroll of **CAPITOL** and **SYSTEMS** as **SYSTEMS** is the successor and/or alter ego to **CAPITOL** under applicable labor relations theory in that:

   a.  Tom Mitchell controls(ed) the labor relations policy making of both companies;

   b.  The companies are interrelated and share common employees, equipment,

materials and jobs in that **SYSTEMS** uses all of the foregoing which previously and/or currently were used by **CAPITOL**;

    c.  The companies share common management including Tom Mitchell, and

    d.  On information and belief the companies share common ownership, i.e. Tom Mitchell and/or his close family relations.

  10. By virtue of the foregoing, Plaintiffs have been damaged in an amount not presently ascertainable, but to be measured by the amount of benefits owed by **SYSTEMS** for its employees and for benefits owed but not paid by **CAPITOL** for its bargaining unit employees.

  WHEREFORE, Plaintiffs pray for relief as follows:

  A. **CAPITOL PLUMBING SYSTEMS, INC.** be ordered to submit to an audit for **October 1, 2006 to the present.**

  B. Judgment be entered in favor of Plaintiffs and against **CAPITOL PLUMBING SYSTEMS, INC.** in the amount of benefits owed but unpaid by **CAPITOL PLUMBING, INC.** and **CAPITOL PLUMBING SYSTEMS, INC.**.

  C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

  D. **CAPITOL PLUMBING SYSTEMS, INC.** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

  E. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,
**BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, et al.**

By: ___s/ Philip Brzozowski___
       One of their Attorneys

Donald D. Schwartz
Philip Brzozowski
ARNOLD AND KADJAN
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

**EXHIBIT 1**

# MEMORANDUM OF AGREEMENT

This Agreement is entered into between Plumbers and Pipefitters Local 501 and

_Capitol Plumbing, Inc._ (The Employer):

1. The employer recognizes the Local Union as the sole and exclusive bargaining representative of all the Employer's employees performing work within the Craft and Geographic Jurisdiction of the Union with respect to their wages, hours of work, fringe benefits and all other terms and conditions of employment.

2. The employer affirms the Collective Bargaining Agreement between the Union and the Plumbing and Mechanical Contractors Association of Northern Illinois and Midwestern Association for Plumbing-Heating-Cooling Contractors.

3. The Collective Bargaining Agreements between the Association and the Union are incorporated herewith as if they were set forth in full and the Employer acknowledges receipt of a copy of the Collective Bargaining Agreement.

4. The Employer agrees to pay the amounts it is bound to pay under the Collective Bargaining Agreement to the Pension Fund, Welfare Fund, Education Fund, and Industry Fund and to be bound by and considered a party to the Agreements and Declarations of Trust creating such Funds.

5. This Agreement shall remain in full force and in effect through May 31, 2005, shall continue thereafter, unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. In the absence of service of such notice, this Agreement shall automatically renew itself, together with all amendments and improvements as negotiated after said expiration by and between the Union and the above named Association for the new terms of these Agreements.

This Agreement is hereby executed on this __28th__ day of __July__, __2003__.

FIRM NAME __Capitol Plumbing, Inc.__

ADDRESS __8201 West 183rd Street, Suite N__

CITY __Tinley Park__  STATE __IL__  ZIP __60477__

PHONE (708) __532-8444__

Signature __Tom A. Mitchell__

Title __President__

PLUMBERS AND PIPEFITTERS LOCAL 501

_Larry G. Allport_, Business Manager

**PLEASE FILL OUT THIS SHEET COMPLETELY AND RETURN TO LOCAL 501**